**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION**

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, WHO SUBSCRIBE TO CERTIFICATE NO. IRPI-CLTL-22-035,     )<br>)<br>)<br>)<br>*Plaintiffs*,     )<br>)<br>v.     )<br>)<br>PRECISE TRANSPORT LOGISTICS, LLC,     )<br>)<br>*Defendant.*     ) | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED RELIEF

Plaintiffs, Certain Underwriters at Lloyd's, London, Who Subscribe to Certificate No. IRPI-CLTL-22-035 (collectively "Underwriters"), by and through their undersigned counsel, for their Complaint for Declaratory Judgment and Related Relief against Defendant Precise Transport Logistics, LLC ("Precise Transport" or "the insured") state as follows:

### I.    STATEMENT OF THE CASE

1.    This action seeks a declaration, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure ("FRCP") 57, for purposes of determining a question of actual controversy between the parties, which is justiciable in nature, as set forth more fully below. Specifically, Underwriters seek a determination of the parties' rights and obligations under Certificate No. IRPI-CLTL-22-035, issued to Defendant Precise Transport Logistics, LLC (the "Policy"). Underwriters seek a judgment declaring the Policy does not provide any duty to defend or indemnify Defendant Precise Transport Logistics, LLC with respect to claims asserted against Precise Transport Logistics, LLC by Maria De Los Angeles Castaneda Maciel, Individually, and as Next Friend of Jose Noel Zuniga Castaneda, Juan Antonio Zuniga Castaneda, Alexandra Zuniga Castaneda, and

Gloria Lopez Ibarra (collectively "Maciel") in a civil action pending in the District Court of Harris County, Texas, styled as Maria De Los Angeles Castaneda Maciel et al. v. Vero Transports, LLC et al., Docket No. 202455381 (the "Underlying Action").

## II.    THE PARTIES

2.    Certain Underwriters at Lloyd's, London, are business entities organized and existing under the laws of England and Wales with a principal place of business in London, England. The insurance policy at issue in this action was issued by Syndicate 609 subscribing to 100% percent of the risk. Syndicate 609 is a Lloyd's syndicate equivalent to an unincorporated association.  The managing agent for Syndicate 609 is Atrium Underwriters Limited, which is a United Kingdom corporation incorporated under the laws of England and Wales with its principal place of business in the United Kingdom.  The sole member of Syndicate 609 is Atrium Underwriters Limited.  Atrium Underwriters Limited is also a United Kingdom corporation incorporated under the laws of England and Wales with its principal place of business in the United Kingdom.

3.    Defendant Precise Transport Logistics, LLC, is a limited liability company organized and operating under the laws of North Dakota, with its principal place of business located at 1015 17th Street, SE., Minot, North Dakota 58701, and its registered agent, Tim Smith, can be served at this location. Precise Transport Logistics, LLC is the named insured on Certificate No. IRPI-CLTL-22-035. This Defendant is, therefore, a citizen of the State of North Dakota.

## III.    JURISDICTION AND VENUE

4.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because it involves a citizen of a state (North Dakota) and citizens or subjects of a foreign state (the United Kingdom) and the amount in controversy exceeds $75,000.

5.      This action concerns the rights and obligations, including defense and indemnity obligations, if any, under a liability insurance policy issued within the jurisdictional limits of the District of North Dakota regarding a Policy that was issued subject to North Dakota's excess and surplus lines insurance statutes. At all times relevant hereto, the Policy identified the named insured as "Precise Transport Logistics, LLC, P.O. Box 1059, Minot, ND 58702". Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6.      Assignment of this action to the Western Division of the District of North Dakota is proper under District of North Dakota General Local Rule 1.1 and District of North Dakota Civil Local Rule 3.1, as Defendant Precise Transport Logistics, LLC resides in Ward County, North Dakota.

## IV.    FACTS

7.      On or about August 21, 2024, Maciel filed the Underlying Action against Precise Transport, LLC; Vero Transports, LLC; and Noervis Medina Junco. Maciel subsequently filed a Second Amended Petition on December 31, 2024, substituting Precise Transport Logistics, LLC for Precise Transport, LLC. Thereafter, Maciel filed a Third Amended Petition on June 23, 2025, readding Precise Transport, LLC as a separate defendant. (*See* **Exhibit 1**, Third Amended Petition).

8.      Maciel alleges "Junco was operating a 2017 Freightliner Cascadia 125 while towing a Timpte trailer [and] crossed the center stripe into the eastbound lane." At this time, Junco allegedly "crashed into Fernando Suniga Lopez [who] traveled off the roadway and became engulfed in fire." Lopez reportedly sustained fatal injuries as a result. (*See* **Ex. 1**, ¶ 6.3).

9.     Maciel contends Junco was "an employee of [Vero], and [an agent] of [Precise Transport Logistics LLC] and was in the course and scope of that relationship" at the time of loss. (*See* **Ex. 1**, ¶ 6.4).

10.     According to Maciel, Precise Transport Logistics, LLC "had business arrangements with various oil/oil service companies to provide sand and other material for oilfield use" and "entered into an agreement or business relationship" with Vero regarding same. (*See* **Ex. 1**, ¶ 6.5).

11.     Maciel alleges Vero and/or Junco was "using a Timpte trailers [sic] owned and/or leased by Precise Transport Logistics, LLC" at the time of loss. (*See* **Ex. 1**, ¶ 6.6).

12.     Maciel asserts claims of Negligence/Negligence *Per Se*, Vicarious Liability, Gross Negligence, and Wrongful Death against Precise Transport Logistics, LLC regarding its alleged hiring, retaining, selection, and/or entrustment of the trailer to Vero and/or Junco. (*See* **Ex. 1**, ¶¶ 7-9 *et seq*).

13.     Precise Transport Logistics, LLC notified Underwriters of the Original Petition in the Underlying Action on or around September 4, 2024 and Underwriters agreed to provide a defense to Precise Transport Logistics, LLC only, subject to a complete reservation of rights. (*See* **Exhibit 2**, Correspondence dated September 19, 2024).

## V.     THE POLICY

14.     Underwriters, pursuant to Certificate No. IRPI-CLTL-22-035, provide Contingent Automobile Liability Coverage In Respect of Leasing Companies to the insured, Precise Transport Logistics, LLC for the period October 29, 2022 to October 29, 2023 (*See* **Exhibit 3**, Policy

Documents, p. 1). [1]  Coverage is provided in the amount of $1,000,000 for any one occurrence,

and in the aggregate annually. (*See* **Ex. 3**, p. 1).

      15.    The Contingent Automobile Liability Coverage Form states, in pertinent part:

• • •

### CONTINGENT AUTOMOBILE LIABILITY CERTIFICATE IN RESPECT OF LEASING COMPANIES

IN CONSIDERATION OF PAYMENT OF THE PREMIUM, RELIANCE ON THE DECLARATIONS AND THE COMPLETED APPLICATION, THE ANSWERS OF WHICH ARE WARRANTED BY THE INSURED TO BE TRUE AND MADE A PART HEREOF AND SUBJECT TO ALL TERMS AND CONDITIONS HEREIN AND IN THE CERTIFICATE OF INSURANCE, THE UNDERWRITERS AGREE TO PAY ON BEHALF OF THE INSURED DAMAGES RESULTING FROM AUTOMOBILE LIABILITY THAT MAY ARISE ON A CONTINGENT BASIS AS MORE FULLY DESCRIBED HEREINAFTER.

### INSURING AGREEMENT

As a condition precedent to this insurance applying, it is understood and agreed that the Insured will obtain and keep on file in his office at all times a current and in-force Certificate of Automobile Liability Insurance ("Certificate") for any vehicles leased from the Insured evidencing coverage in the amount not less than $1,000,000 any one occurrence combined single limit. The only exception is that the Insured may obtain the Automobile Liability Insurance information, including company name, policy number, limits and policy period, verbally from the lessee's insurance agent or broker and complete a "CONTINGENT AUTOMOBILE LIABILITY CHECK LIST" ("The Form"). This Form shall be kept on file in the Insured's office until replaced with a current and in-force Certificate of Automobile Liability Insurance obtained by the lessee on the leased vehicle. If the Insured fails to have a current, in-force Certificate of Automobile Liability Insurance or a Form on file for each automobile leased from the Insured prior to an occurrence, all coverage provided under this Certificate is void.

---

[1]      For ease of reference, Underwriters have Bates stamped the Policy documents. The Bates numbers can be found in the bottom center of the documents.

This Certificate of Insurance only applies to an occurrence sustained by a leased vehicle that the Insured has leased to the lessee. Furthermore, this Certificate only applies to an occurrence sustained by a leased vehicle provided that: (a) the leased vehicle is operated by a duly licensed driver with credentials to drive the type of leased vehicle in the occurrence, (b) the written lease agreement is in full force and effect, and c) the leased vehicle is hauling that type of cargo in conjunction with the operation of the leased vehicle and consistent with Code of Federal Regulations, 49CFR 390-397. It is understood and agreed that the insurance provided under this Certificate does not apply to or cover Automobile Liability for automobiles owned and operated by the Insured, his agent, his employees or any related company with any type of common ownership to the Insured. It is further understood and agreed that the Insured shall require all lessees to properly maintain, service and fulfill warranty provisions for all leased vehicles which are subject to this insurance.

## COVERAGE

I.     COVERAGE A – BODILY INJURY LIABILITY: To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by an occurrence and arising out of the operation of a leased vehicle which is provided by the Insured in their capacity as a leasing company.

II.    DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS. With respect to insurance for Bodily Injury liability and Property Damage liability, the Underwriters shall pay, in addition to the Certificate limits as stated in the Declaration Page, the costs and expenses to defend any suit against the Insured alleging such bodily injury or property damage and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; Underwriters shall make such investigation, negotiation and settlement of any claim or suit as it deems expedient.

● ● ●

IV.    EXCLUSIONS.  This Insurance does not apply:

● ● ●

3.      to any act, error or omission of the Insured or any of its employees.

● ● ●

14.     to any loss sustained where the automobile at the time of the loss is being operated pursuant to a sub-lease.

● ● ●

## DEFINITIONS

● ● ●

III.    BODILY INJURY. The term "Bodily Injury" as found in this Certificate, means bodily injury, sickness, or disease sustained by a person including death resulting from any of the foregoing.

● ● ●

## CONDITIONS

● ● ●

IV.     APPLICATION OF CONTINGENT LIABILITY. It is expressly understood and agreed that the coverage provided under this Certificate of Insurance shall not apply if there is valid and collectible Automobile Liability insurance of any nature afforded to the leased automobile at the time there is an occurrence for which a claim is made.

● ● ●

(*See* **Ex. 3**, at pp. 11-13, 18, 20).

## VI.    <u>CAUSE OF ACTION FOR DECLARATORY JUDGMENT</u>

16.     Underwriters incorporate and reinstate the allegations contained in Paragraphs 1 through 14 above as if fully set forth herein.

17.    The claims asserted against Precise Transport Logistics, LLC by Maciel within the

Third Amended Petition filed in the Underlying Action are not covered by the Policy pursuant to

the terms and conditions of the Policy.

**A.    UNDERWRITERS' CONTINGENT POLICY DOES NOT TAKE EFFECT AND DOES NOT APPLY AS VALID AND COLLECTIBLE AUTOMOBILE LIABILITY COVERAGE EXISTS.**

18.    Underwriters' contingent policy provides coverage for damage because of bodily

injury or property damage caused by an occurrence and arising out of the operation of a leased

vehicle which is provided by the Insured in their capacity as a leasing company. (*See* **Ex. 3**, at pP.

11-12).

19.    Precise Transport Logistics, LLC evidently leased a 2023 Timpte Trailer, serial no.

177232, to Alba Truck Inc. which was reportedly involved in the motor vehicle accident at the

heart of the Underling Action that resulted in a fatality.

20.    However, the contingent policy contains the following Condition:

• • •

**INSURING AGREEMENT**

As a condition precedent to this insurance applying, it is understood
and agreed that the Insured will obtain and keep on file in his office
at all times a current and in-force Certificate of Automobile Liability
Insurance ("Certificate") for any vehicles leased from the Insured
evidencing coverage in the amount not less than $1,000,000 any one
occurrence combined single limit. The only exception is that the
Insured may obtain the Automobile Liability Insurance information,
including company name, policy number, limits and policy period,
verbally from the lessee's insurance agent or broker and complete a
"CONTINGENT AUTOMOBILE LIABILITY CHECK LIST"
("The Form"). This Form shall be kept on file in the Insured's office
until replaced with a current and in-force Certificate of Automobile
Liability Insurance obtained by the lessee on the leased vehicle. If
the Insured fails to have a current, in-force Certificate of
Automobile Liability Insurance or a Form on file for each

automobile leased from the Insured prior to an occurrence, all coverage provided under this Certificate is void.

This Certificate of Insurance only applies to an occurrence sustained by a leased vehicle that the Insured has leased to the lessee. Furthermore, this Certificate only applies to an occurrence sustained by a leased vehicle provided that: (a) the leased vehicle is operated by a duly licensed driver with credentials to drive the type of leased vehicle in the occurrence, (b) the written lease agreement is in full force and effect, and c) the leased vehicle is hauling that type of cargo in conjunction with the operation of the leased vehicle and consistent with Code of Federal Regulations, 49CFR 390-397. It is understood and agreed that the insurance provided under this Certificate does not apply to or cover Automobile Liability for automobiles owned and operated by the Insured, his agent, his employees or any related company with any type of common ownership to the Insured. It is further understood and agreed that the Insured shall require all lessees to properly maintain, service and fulfill warranty provisions for all leased vehicles which are subject to this insurance.

● ● ●

**CONDITIONS**

● ● ●

IV.    APPLICATION OF CONTINGENT LIABILITY. It is expressly understood and agreed that the coverage provided under this Certificate of Insurance shall not apply if there is valid and collectible Automobile Liability insurance of any nature afforded to the leased automobile at the time there is an occurrence for which a claim is made.

● ● ●

(*See* **Ex. 3**, at pp. 11-12, 20).

21.    Initially, as a condition precedent to coverage, the Insuring Agreement requires Precise Transport Logistics, LLC to obtain a certificate of automobile liability insurance for the involved motor carrier. If Precise Transport Logistics, LLC fails to have a current certificate reflecting in-force coverage, all coverage provided pursuant to Underwriters' contingent policy is void.

22.     Precise Transport Logistics, LLC originally identified the motor carrier as "Alba Truck / Vero Transportation." The insured provided a certificate of insurance for Alba Truck, which depicts automobile liability coverage for scheduled autos with Progressive for the policy period "11/28/2022" to "11/28/2022." (*See* **Exhibit 4**, Alba Truck's Certificate of Insurance).

23.     Precise Transport Logistics, LLC has not provided the required certificate of automobile liability insurance obtained for Alba Truck and depicting valid coverage with an insurer for the applicable period.

24.     However, as more thoroughly explained *infra*, the involved motor carrier was identified as Vero Transports LLC. (*See* **Exhibit 5**, Police Report).

25.     Precise Transport Logistics, LLC also provided a certificate of automobile liability insurance obtained for Vero Transports and depicting coverage with Progressive for the applicable period. (*See* **Exhibit 6**, Vero Transport's Certificate of Insurance).

26.     Additionally, pursuant to the Application of Contingent Liability Condition, Underwriters' contingent coverage shall not apply if there is other valid and collectible automobile liability insurance of any nature naming the motor carrier in effect at the time there is an occurrence for which a claim is made.

27.     As such, Underwriters' contingent policy would not take effect and would not apply if other valid and collectible automobile liability insurance naming Alba Truck and/or Vero Transports as the insured(s) was in effect at the time of loss and a claim was submitted pursuant to same.

28.     Precise Transport Logistics, LLC confirmed Claim No. 23-3603527 was submitted to Progressive regarding this loss and the involved Third-Party Adjuster ("TPA") confirmed

"coverage is available under the Vero Transports LLC up to the $1mil CSL." (*See* **Exhibit 7**, Insured's Written Responses; *see also* **Exhibit** 8, Correspondence from TPA).

29.     As such, it is clear a claim was submitted to Vero Transport's, the involved motor carrier's, insurer and valid and collectible automobile liability coverage exists. Therefore, Underwriters' contingent policy does not apply.

30.     Further, in the event Maciel and/or parties in the Underlying Action seek additional coverage above Vero Transport's limits of liability, coverage does not exist as Underwriters provide contingent, not excess, coverage.

**B.     MACIEL ASSERTS CLAIMS FOR THE INSURED'S ALLEGED DIRECT NEGLIGENCE, WHICH IS SPECIFICALLY PRECLUDED BY THE POLICY.**

31.     Assuming Underwriters' contingent policy was triggered and took effect, coverage is precluded for any act, error, or omission of the insured or any of its employees. (*See* **Ex. 3**, p. 13).

32.     Within the Underlying Action, Maciel claims Vero and/or Junco was "using a Timpte trailer owned and/or leased by Precise Transport Logistics, LLC" at the time of loss. (*See* **Ex. 1**, ¶ 6.6).

33.     Maciel asserts claims of Negligence/Negligence *Per Se*, Vicarious Liability, Gross Negligence, and Wrongful Death against Precise Transport Logistics, LLC regarding its alleged hiring, retaining, selection, and/or entrustment of the trailer to Vero and/or Junco. (*See* **Ex. 1**, ¶¶ 7-9 *et seq*).

34.     Specifically, Maciel claims Precise Transport Logistics, LLC failed to hire a qualified agent to operate the trailer, failed to properly train the driver, failed to provide sufficient

disciplinary action, allowed an unsafe driver to operate the trailer, failed to supervise the driver, and negligently retained Junco and/or Vero Transports. (*See* **Ex. 1**, ¶ 7.11 (a-j)).

36.    Maciel also contends Junco was "in the course and scope of employment or agency" with Vero and/or Precise Transport Logistics, LLC and Vero and/or Precise Transport Logistics, LLC are responsible under the doctrine of *Respondeat Superior* for the "conduct or omission of its employees or agents, [Junco]." (*See* **Ex. 1**, ¶ 9.1).

36.    Here, all allegations asserted by Maciel regarding the insured, Precise Transport Logistics, LLC, stem from Precise Transport Logistics, LLC's alleged acts, errors, and/or omissions regarding hiring, retaining, selection, and/or entrusting the trailer to Junco and/or Vero Transport, and coverage is specifically excluded for the insured's direct negligence.

**C.    UNDERWRITERS' POLICY SPECIFICALLY PRECLUDES COVERAGE FOR ANY LOSS SUSTAINED WHEN THE AUTO IS BEING OPERATED PURSUANT TO A SUB-LEASE.**

37.    Assuming Underwriters' contingent policy was triggered and took effect, coverage is precluded for any loss sustained where the automobile at the time of the loss is being operated pursuant to a sub-lease. (*See* **Ex. 3**, p. 18).

38.    As noted *supra*, Precise Transport Logistics, LLC advised it leased the involved trailer to Alba Truck Inc. and provided a "Leaser Trailer Agreement" between it and Alexey Alba, on behalf of Alba Truck Inc. (*See* **Exhibit 9**, Leaser Trailer Agreement; *see also* **Ex. 7**).

39.    Although this Agreement does not identify the trailer, the insured identified same noting "Alexey Alba entered into a Lease Transport Agreement to lease a 2023 Timpte Trailer, VIN [177232]." (*See* **Ex. 7**).

40.    However, the police report identifies Vero Transport LLC as the involved motor carrier and confirms Junco was operating the involved tractor and leased trailer pursuant to Vero's motor carrier authority. (*See* **Ex. 5**).

41.    Precise Transport Logistics, LLC provided a separate owner/operator agreement between it and Vero Transport. (*See* **Exhibit 10**, Vero Packet).

42.    As such, information confirms Precise Transport Logistics, LLC leased the involved trailer to Alba Truck, who subsequently entrusted the trailer to Vero Transport. The police report confirms Vero Transport was the involved motor carrier. Therefore, coverage does not exist as the trailer was being operated pursuant to a sub-lease.

43.    Because the claims are not covered by the Policy, Underwriters owe neither defense nor indemnity under the Policy to Precise Transport Logistics, LLC for the claims asserted by Maciel within the Third Amended Petition in the Underlying Action.

44.    An actual case and controversy exists between the parties as to whether Underwriters are obligated to defend and/or indemnify Precise Transport Logistics, LLC with respect to the claims by Maciel within the Third Amended Petition in the Underlying Action or any claims arising therefrom.

45.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and FRCP 57, this Court is vested with the power and obligation to declare the rights and liabilities of the parties and to give such other and further relief that may be necessary.

46.    This is a proper case for which the Court may exercise jurisdiction and declare the rights and liabilities of the parties.

**WHEREFORE**, Underwriters respectfully request that judgment be entered as follows:

1.      Declaring that Underwriters are not obligated to defend and/or indemnify Defendant Precise Transport Logistics, LLC with respect to the claims asserted against it in the Third Amended Petition arising out of the Underlying Action or for any other claims arising therefrom.

2.      Awarding Underwriters any and all other relief to which they may be entitled in law or equity, including an award of costs.

Respectfully submitted,

Dated: February 23, 2026          */s/ John D. Schroeder*

John D. Schroeder (ND ID #07147)
john@dakotalawgroup.com
DAKOTA LAW GROUP (formerly known as Zimney Foster P.C.)
3770 South Washington Street, Suite B
Grand Forks ND 58201
Phone: (701) 772-8111  Fax: (701) 772-7328
Attorney for Plaintiffs